Barnard *v.* Inhabitants of Argyle.

### SILAS BARNARD *versus* INHABITANTS OF ARGYLE.

The money of non-residents, paid instead of labor and materials on account of the highway tax, is subject to the order of the selectmen of the town, or assessors of the plantation, on account of highway expenditures, whether it is paid the first year, or whether, as is authorized by law, it goes into the money tax of the following year; the money being liable to be expended for the benefit of the highways, for which it was originally assessed.

.As assessors of plantations are held to perform all the duties required of the selectmen of towns, relating to highways, and are invested with the same powers, when a fund applicable to highways is assessed and in a train for collection, they may draw orders on highway account, to the extent of the fund, before it is actually received by the treasurer; and such order will be available to the holder against the plantation, if not paid when demanded; and his rights will not be impaired by any irregularity or want of fidelity in the officers charged with the collection.

The assessors are the constituted organs to liquidate and adjust all claims against the plantation for services rendered in making highways therein; and when there exists a fund, upon the strength of which their powers may be legally called into exercise, and where they have a full knowledge. of the subject, and there is no fraud, such adjustment is conclusive upon the plantation.

ASSUMPSIT on an order of which the following is a copy:— " Argyle, Oct. 14, 1835. To Nathaniel Danforth, Jr. Treasurer of the plantation of Argyle. Please pay to Silas Barnard, or order, the sum of two hundred sixteen dollars, twenty-four

cents, in twenty days from date and interest, it being the balance due the said Barnard for making a road in the plantation of Argyle, in the year 1834.

> " WARREN BURR, ⎱ *Assessors of*
> "GIDEON OAKES, ⎰ *Argyle.*"

It was admitted, that Burr and Oakes were a majority of the assessors of Argyle, but their authority to bind the plantation was denied. The evidence introduced at the trial appears in the case, but the view taken by the Court renders it unnecessary to state it. Barnard acted for the State under a "Resolve in favor of Argyle plantation," passed March 4, 1833. Waterville College owned a part of the land through which the road passed. On March 17, 1834, the plantation "voted that $1000 shall be expended on the new road, so called, under the direction of the State agent, agreeably to a resolve of the legislature;" and on March 16, 1835, "voted to raise the sum of one thousand dollars, to be expended on the highway the ensuing year." In January, 1836, before the commencement of the suit, the order was presented to the treasurer of the plantation for acceptance and payment, who refused to accept or pay it, and notice thereof was given to the assessors. After the evidence had been introduced, the defendants were defaulted, but the default was to be taken off, and the action stand for trial, if, in the opinion of the Court, a defence was made out.

*J. Appleton* argued for the defendants, and cited 13 Maine R. 293 ; 4 Pick. 149 ; 9 Greenl. 89 ; 2 Pick. 41 ; 15 Mass. R. 144 ; 7 Greenl. 132 ; 13 Pick. 348 ; 4 Pick. 152 ; 12 Wend. 179 ; 3 Conn. R. 560 ; 18 Johns. 125 ; 8 Cowen, 191 ; 1 Cranch, 143 ; 5 Cowen, 603 ; 1 Gill & J. 497 ; 4 Pick. 230 ; 9 Pick. 341.

*J. Hodgdon* argued for the plaintiff.

The opinion of the Court was by

WESTON C. J. — It appears, that the plaintiff performed certain services and incurred certain expenditures in relation to a road in the plantation of Argyle, of which they had the ben-

efit. The greater part of his claim was paid by the State of Maine and by the trustees of Waterville College. The balance has been recognized and liquidated by the assessors of Argyle; and the action has been brought upon their order, drawn for the amount. If there existed any fund, upon the strength of which their powers might legally be called into exercise, they were the constituted organs of the plantation, in reference to the subject matter; and the plaintiff, to establish his claim, is under no necessity of going behind the adjustment made between the parties. They acted with full knowledge of what had been done. No suggestion of fraud is set up; nor is it pretended, that the assessors acted under any mistake or misapprehension. If they were duly authorized, both parties are bound. And it is neither necessary nor proper to unravel the proceedings, anterior to their settlement.

When this case was under consideration before, 16 · Maine R. 276, the money of non-residents, paid instead of labor and materials on account of the highway tax, was regarded as subject to the order of the assessors, on account of highway expenditures. And it is in our judgment equally so, whether it is paid the first year, or whether as authorized by law, it goes into the money tax of the following year. The money is liable to be expended on account of the highways, for which it was originally assessed. As assessors of plantations are held to perform all the duties, required of the selectmen of towns relating to highways, and are invested with the same powers, St. 1821, c. 118, § 22, we are of opinion, that when a fund, applicable to the highways, is assessed and in a train for collection, they may draw orders, on highway account, to the amount of the fund. There may be great necessity for incurring expense, on the credit of the fund, before it is actually received by the treasurer. The order becomes evidence of debt, available against the plantation, if not paid, when demanded. The rights of the holder are not to be impaired by any contingency, by which the collection may be delayed or defeated. He is not responsible for any irregularity, or want of fidelity in the officers charged with the collection.

In the case before us, the order was drawn in October, 1835. Assessments for money due from non-residents, for delinquency in the payment of their highway tax of the preceding year, to a greater amount than the order, had then been for some months in the hands of the collector. The order then was properly drawn, and the defendants rightfully charged.

*Judgment for the plaintiff.*